***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Glenn. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission hereby affirms the Decision and Order.
 EVIDENTIARY MATTERS
Defendant submitted a Motion to Dismiss for Plaintiff's failure to file a form 44 or a brief to the Full Commission. This motion is hereby DENIED by the Full Commission.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties before the Deputy Commissioner are:
 FINDINGS OF FACT
1. All the parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Tort Claims Act.
2. Plaintiff is an inmate of the North Carolina Department of Correction.
3. Plaintiff filed a Tort Claim Affidavit with the Industrial Commission on October 9, 2001, alleging that the defendant failed to ship a pair of shoes to his brother.
4. Plaintiff testified before the Deputy Commissioner that when he arrived at the Albemarle Correctional Unit he was told by an officer that he could not keep a pair of brown leather dress shoes his brother had sent to him in 1995 or 1996. Plaintiff stated that he gave the officer his brother's name and address and asked that the shoes be sent to him. Later, plaintiff called and talked with his brother and learned that the shoes had not been received.
5. When plaintiff checked to see what had happened to his shoes, he claims that an officer told him that his shoes were not shipped because he did not have any money in his trust account.
6. Lt. Eddie Rhyn, Jr. worked at the Albemarle Unit and knew that plaintiff was told that he could not keep the pair of shoes pertaining to the claim.
7. Lt. Rhyn stated that plaintiff's shoes were not sent to plaintiff's brother because plaintiff failed to provide a complete address for this shoes and that plaintiff was told that if he did not provide a correct address to which the shoes could be sent that after several days the shoes would either be destroyed or given away to a charity. Plaintiff did not provide a correct address after more than two months and thereafter the shoes were given away to a charity.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. A plaintiff asserting a negligence claim against the State has the burden to prove that defendant breached a duty of care owed to plaintiff and that the breach was the proximate cause of plaintiff's alleged injury.
2. Plaintiff failed to present evidence of a negligent act or omission on the part of an employee of Defendant as required by N.C. Gen. Stat. §§ 143-291 and 143-297(5).
3. That Plaintiff's claim should be dismissed with prejudice.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Plaintiff's claim for benefits under the North Carolina Tort Claims Act is denied.
2. Each party shall bear its own costs.
This the ___ day of June, 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER